UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; DOUGLAS L. WEBER, Warden; LAURA MAY, Coordinator of STOP; KRIS PEDERSON, STOP Program Director,<br><br>Defendants. | 4:08-CV-04187-LLP<br><br>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS |

Plaintiff has filed various motions challenging this Court's March 4, 2010, Order granting Defendants' Motion for Summary Judgment, Doc. 121, and seeking to set aside the March 4, 2010, Judgment dismissing Plaintiff's Complaint with prejudice and on the merits, Doc. 122. *See* Docs. 125, 127, 132, 135, 138. For the reasons discussed below, Plaintiff's post-judgment motions are denied.

## Procedural Background

Bruce Edgar Smith, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights action under 42 U.S.C. § 1983. Doc. 1. This Court granted Smith leave to proceed in forma pauperis. Doc. 6. The parties filed cross motions for summary judgment (Docs. 95, 100), which were referred to a Magistrate Judge. The Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion for Summary Judgment be granted, and that Smith's Motion for Summary Judgment be denied. Doc. 118 at 9. By Order dated, March 4, 2010, this Court overruled Plaintiff's objections to the Magistrate Judge's Report and

Recommendation, adopted the Report and Recommendation, granted Defendants' Motion for Summary Judgment, and denied Plaintiff's Motion for Summary Judgment. Doc. 121. Judgment was entered on March 4, 2010. Doc. 122.

On December 21, 2023, more than thirteen years after entry of a final judgment, Smith filed a motion for leave to amend his complaint. Doc. 125, and two motion for relief from the March 4, 2010, Judgment, Docs. 127, 135. Smith also filed a motion he entitled "Ad Hoc Relief from a Untimely Appeals." Doc. 138. Smith's post-judgment filings appear to be an attempt to raise claims related to the denial of parole in 2023. Smith alleges that he was denied parole following a hearing on October 17, 2023, because he "failed to complete programming, or . . . refused core programming." Doc. 127-2 at 3. Defendants contend that Smith is not entitled to relief from the March 4, 2010, judgment. Doc. 130.

On February 16, 2024, while his post-judgment motions were pending, Smith filed a notice of appeal from this Court's March 4, 2010, judgment. Doc. 139. This Court found that that Smith's appeal from a 2010 judgment was not taken in good faith and was futile. Doc. 141 at 2. Thus, the Court denied Smith's motion for leave to proceed in forma pauperis on appeal. *Id.* The United States Court of Appeals for the Eighth Circuit ordered Smith to pay the appellate docketing fee of $605 or to file a pleading explaining why he is eligible to proceed without pre-payment of the fee. Doc. 144. Smith did not respond to the Eighth Circuit's order or pay the appellate docketing fee, and the Eighth Circuit ordered Smith to show cause why his appeal should not be dismissed for failure to prosecute. Doc. 145. Smith did not respond to the order to show cause, and his appeal was dismissed for failure to prosecute. Doc. 146.

2

**Legal Analysis**

**I.    Smith's Motion for Leave to Amend his Complaint**

Smith moves to amend his complaint to add additional defendants and claims arising out of the denial of his parole in 2023.[1] Docs. 124-1, 125, 126. According to Smith, during the 2010 summary judgment proceedings, it was undisputed that he had completed the Stop Step program from March 2000 through July 2003, was fully compliant with the program, and the parole board would be so advised when he eligible for parole in January 2023. Doc. 124-1 at 3; Doc. 125 at 2–3. But the SOMP program director, according to Smith, informed the parole board that Smith had failed to complete programming or refused core programming. Doc. 124-1 at 3–4; Doc. 125 at 3. As a result, Smith was denied parole following a hearing on October 17, 2023. Doc. 124-1 at 4; Doc. 127-2 at 3. Thus, Smith seeks to amend his complaint and to add Kellie Wasko, the South Dakota Secretary of Corrections, Teresa Bittinger, the Warden of the South Dakota State Penitentiary, Brenna Carlson,[2] SOMP (Stop) Program Director, and Jeff Neill, assistant to SOMP (Stop) Program Director as defendants. Doc. 124-1 at 2; Doc. 125 at 2; Doc. 126 at 2–3.

---

[1] The District of South Dakota's Civil Local Rules of Practice require that "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlines so that they may be easily identified." D.S.D. Civ. LR 15.1. Smith did not attach to his motion to amend a proposed amended complaint with the proposed changes highlighted or underlined. *See* Docs. 124-1, 125, 126. Smith's motions to amend are also denied on procedural grounds. *See U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012) (holding that district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to attach a proposed amended complaint in accordance with a local court rule of procedure).

[2] In his post-judgment filings, Smith identifies the SOMP Program Director he seeks to add as a defendant as Brena Carelson. *See, e.g.*, Doc. 126 at 2. The SOMP Program Director is Brenna Carlson. In this Memorandum Opinion and Order, the Court will refer to this prospective defendant using the correct spelling of her first and last name.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings with leave of the court and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "different considerations apply to motions filed after dismissal." *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir 1985) (per curiam). The Eighth Circuit has instructed that it is inappropriate to grant a motion for leave to amend if "dismissal of the complaint also constitutes dismissal of the action." *Greier v. Mo. Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir. 2013) (cleaned up and citation omitted). In this case, the Court granted Defendants' motion for summary judgment and dismissed Smith's complaint with prejudice and on the merits. Doc. 122; *see also* Doc. 121 (stating that Defendants' motion for summary judgment is granted, and "Plaintiff's Complaint is dismissed, with prejudice, on the merits."). Unquestionably, the Court intended its order granting Defendants' motion for summary judgment to be a final, appealable order dismissing this action in its entirety. Smith's post-judgment motions to amend his complaint (Docs 124-1, 125, 126) to add new defendants and claims based on alleged occurrences more than a decade after entry of the judgment are denied.

In this action, which was commenced in 2008, Smith's motion for leave to proceed in forma pauperis was granted. Doc. 6. The Court notes that one of Smith's post-judgment filings is a motion for leave to continue to sue in forma pauperis. Doc. 132. Smith is now barred from filing a federal civil case unless he pays the filing fee in full or alleges imminent danger of serious physical injury because he has filed three previous complaint that were dismissed as frivolous, malicious, or for failing to state a claim. *Smith v. Neill*, 4:21-CV-4196, Doc. 5 (D.S.D.). It appears that Smith's post-judgment motions to amend his complaint may be an attempt to avoid having to pay the full civil filing fee if he commences a new federal civil case

4

arising out of the denial of parole in 2023. If this is the case, Smith's post-judgment motions to amend are denied for this reason as well.

## II.     Smith's Motions for Relief from Judgment

### A.     Defendants' Request to Correct a Clerical Error

Smith argues that there is a discrepancy between the Court's Order Adopting the Magistrate Judge's Report and Recommendation (Doc. 121) and the Court's Judgment in Favor of the South Dakota Department of Correction (Doc. 122). *See* Doc. 124-1 at 2–3; Doc. 127 at 1–2. However, a review of all the relevant filings in this case reveals that there is simply a clerical mistake in the Court's Order Adopting the Magistrate Judge's Report and Recommendation. The final paragraph of that Order states:

> Defendant's Motion for Summary Judgment (Doc. 100) is GRANTED, Plaintiff's Motion for Summary Judgment (Doc. 95) is DENIED, and Plaintiff's Complaint is dismissed, with prejudice, on the merits.

Doc. 121.[3] The references in this paragraph to Docket 100 and Docket 95 were inadvertently transposed, but the intent of the Court's Order, when considered along with the Report and Recommendation (Doc. 118) and the Judgment (Doc. 122), is clear. The Court intended to grant Defendants' Motion for Summary Judgment, which is Docket 95, and to deny Plaintiff's Motion for Summary Judgment, which is Docket 100. Defendants request that the Court, pursuant to Fed. R. Civ. P. 60(a), correct this clerical error to accurately reflect the proper docket numbers of

---

[3] Smith asserts that his "Summary Judgment Doc. 100-101-102 was Granted by this Court within its Order Doc. 121 on 03/04/2010[.]" Doc. 125 at 5. The language of the Order, quoted above, does not support this interpretation. The Report and Recommendation does not recommend granting Plaintiff's motion for summary judgment, and the Court's Order adopting the Report and Recommendation does not contain any language that could reasonably be construed as an intent to reject the Magistrate Judge's recommendation that Plaintiff's motion for summary judgment be denied.

the parties' motions for summary judgment. Doc. 130 at 8–11. Federal Rule of Civil Procedure 60(a) provides that the "court may correct a clerical mistake . . . whenever one is found in a judgment, order , or other part of the record." This request is granted. The corrected, final paragraph of the Court's March 4, 2010, Order adopting the Report and Recommendation recommending that Defendants' motion for summary judgment be granted and granting Defendants' motion for summary judgment (Doc. 121) should read:

> Defendant's Motion for Summary Judgment (Doc. 95) is GRANTED, Plaintiff's Motion for Summary Judgment (Doc. 100), is DENIED, and Plaintiff's Complaint is dismissed, with prejudice, on the merits.

**B.      Smith's Rule 60(b) Motions**

Smith seeks relief from the March 4, 2010, Order and Judgment (Docs. 121, 122) on the grounds of newly discovered evidence and fraud, misrepresentation, and misconduct on the part of the Defendants. Docs. 127, 135. Federal Rule of Civil Procedure 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>                 . . .
>
> (2)      newly discovered evidence[4] that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)      fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]

Fed. R. Civ. P. 60(b)(2), (3).

---

[4] The "newly discovered evidence" on which Smith's Rule 60(b) motions are based is Carlson's alleged statement during a parole board hearing on October 17, 2023, that Smith had failed to complete programming or refused core programming. Because this "evidence" was not in existence when this Court entered the March 4, 2010, judgment, it cannot be the basis of a Rule 60(b)(2) motion. *Hyde v. Franklin Am. Mortg. Co.*, 4:18-CV-04113-KES, 2021 WL 1864032, at *2 (D.S.D. May 10, 2021).

Rule 60(c) provides that a "motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Here, Smith's motions for relief from the March 4, 2010, order and judgment under Rule 60(b)(2) and (3) are not timely because they were filed more than a year after entry of the judgment and order. Smith's motion for "Ad Hoc Relief From a Untimely Appeals" (Doc. 138) could be construed as a motion to extend the time for filing a Rule 60(b) motion for relief from the March 4, 2010 order and judgment. But Federal Rule of Civil Procedure 6(b)(2) expressly provides that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Accordingly, Smith's motion for "Ad Hoc Relief from a Untimely Appeals) (Doc. 138) is denied, and his motions for relief under Rule 60(b)(2) and (3) (Docs. 127, 135) are denied as untimely.

Because Smith's Rule 60 motions are not timely, this Court need not consider the merits of the motions. But Smith's motions repeatedly misstate the record in this case, and the Court deems its prudent to correct Smith's misstatements. Even assuming Brenna Carlson, the SOMP Program Director, informed the parole board that Smith was not in compliance with the SOMP Program during the October 17, 2023, parole board hearing, such representation does not contradict or conflict with the earlier proceedings in this case. According to Defendants' summary judgment submissions, on or about August 15, 2000, Smith entered into a contract to participate in the STOP program. Doc. 96 ¶ 20. Smith completed Steps 1, 2, and 3 began Step 4.[5] *Id.* ¶¶ 23, 26. Before completing Step 4, Smith voluntarily left the STOP program on July 25, 2003, following a mutual decision based on the fact that he was not eligible for parole until 2023. *Id.* ¶ 27. After Smith voluntarily left the STOP program, the program was changed. *Id.* ¶ 28. The

---

[5] When Smith began the STOP program, it consisted of five distinct steps. Doc. 96 ¶ 13.

Magistrate Judge recommended that Defendants' motion for summary judgment be granted and
that Smith's motion for summary judgment be denied because Smith had not demonstrated the
deprivation of a constitutional right. Doc. 118 at 8–9. The Magistrate Judge explained:

> Whether he is given credit for having completed Steps 1, 2, 3, and
> 11 months Step 4 of the STOP program as it existed at the time he
> terminated or was terminated, or whether he must begin anew the
> modules of the current STOP program which was ordained during
> his absence from the program and which takes about one year to
> complete, Smith still has thirteen years before his initial date during
> which he can complete the STOP program.

*Id.* at 8. Smith's allegation that Defendants agreed, or the Court determined, in 2010 that he had
completed the STOP program, was fully compliant with the program, and that the parole board
would be so advised when he was eligible for parole twenty years later, *see* Doc. 124-1 at 3, is
wholly unsupported by the record.

Similarly, the record contradicts Smith's assertion that the Magistrate Judge "on
01/27/2010, Recommended the Denial [of] Defendants' Doc. 95 Motion for Summary
Judgment." Doc. 127 at 1; *see also* Doc. 135 at 1 ("A Report & Recommendation was issued
Doc. 118 on 01/27/2010 in favor of Plaintiff's Doc. 100 Summary Judgment by Judge, John E
Simko"). The Magistrate Judge's Report and Recommendation states in relevant part: "It is
**RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 95) should be
**GRANTED** and that Plaintiff's Motion for Summary Judgment (Doc. 100) should be DENIED."
Doc. 118 at 9.

Accordingly, it is ORDERED:

1.     That Smith's motions for leave to amend complaint (Docs. 124-1,
       125, 126) are denied.

2.     That Smith's motion for relief from judgment (Doc. 127), motion to
       vacate (Doc. 135), and motion for "Ad Hoc Relief From a Untimely
       Appeals" (Doc. 138) are denied.

8

3.     That Smith's motion to sue in forma pauperis (Doc. 132) is denied as moot.

4.     That Defendants' request that the Court, pursuant to Fed. R. Civ. P. 60(a), correct a clerical mistake in this Court's previous order (Doc. 121) is granted. The corrected, final paragraph of that order should read:

> Defendant's Motion for Summary Judgment (Doc. 95) is GRANTED, Plaintiff's Motion for Summary Judgment (Doc. 100), is DENIED, and Plaintiff's Complaint is dismissed, with prejudice, on the merits.

DATED July 19ᵗʰ, 2024.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK

Lawrence L. Piersol
United States District Judge